TROY LEE HARMS V STATE OF TEXAS



 NO. 07-02-0272-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 23, 2002


______________________________



BOBBY J. CATE,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-436,240; HON. BRADLEY UNDERWOOD, PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Appellant, Bobby J. Cate appeals from a judgment convicting him of aggravated
sexual assault. The clerk's record is due in this cause, and an extension of the applicable
deadline was sought. To justify the extension, the district clerk represented that appellant
has not paid or made arrangements to pay for the record. The reporter's record has been
filed in this cause. Nothing of record appears showing the appellant is indigent and entitled
to a free record. 

 Accordingly, we now abate this appeal and remand the cause to the 364th District
Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following: 

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; and,

 3. whether the appellant is entitled to a free appellate record due to his indigency. 

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings
of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed
a supplemental clerk's record containing the findings of fact and conclusions of law and all
orders it may issue as a result of its hearing on this matter, and 3) cause to be developed
a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record with the clerk of this court on or before September 23, 2002. Should further time
be needed by the trial court to perform these tasks, then same must be requested before
September 23, 2002.

 It is so ordered. 

 Per Curiam 


Do not publish.